935 F.2d 1288
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Milton BINGHAM, Defendant-Appellant.
 No. 90-5251.
 United States Court of Appeals, Fourth Circuit.
 Submitted June 3, 1991.
Decided June 17, 1991.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. James C. Cacheris, District Judge. (CR-90-259-A)
 Gregory B. English, English & Smith, Alexandria, Va., for appellant.
 Henry E. Hudson, United States Attorney, Victoria B. Major, Special Assistant United States Attorney, Alexandria, Va., for appellee.
 E.D.Va.
 AFFIRMED.
 Before WIDENER, MURNAGHAN and NIEMEYER, Circuit Judges.
 PER CURIAM:
 
 
 1
 Milton Bingham seeks review of a district court order entering judgment pursuant to a jury verdict finding him guilty of possessing with intent to distribute 5 grams or more of "crack" within 1000 feet of a school in violation of 21 U.S.C. Sec. 841(a)(1). Bingham's only argument raised on appeal relates to the following jury instruction.
 
 
 2
 As to the indictment, the law permits the jury in proper circumstances to infer intent to distribute from the quantity of the substance possessed and/or the manner in which it is packaged. However, the ultimate question of intent to distribute should be resolved by the jury based upon all the evidence in the case. You may, but are not required to, infer the defendant had the intent to distribute drugs from the amount of drugs in his possession.
 
 
 3
 The applicable standard for reviewing a jury instruction is whether, taken as a whole, the instruction fairly states the controlling law. See United States v. Cobb, 905 F.2d 784 (4th Cir.1990). We have specifically held that intent to distribute may be inferred from the quantity of drugs possessed. See United States v. Gooding, 695 F.2d 78 (4th Cir.1982). Further, we find that the alternative instructions suggested by Bingham on the issue of intent to distribute differed in no significant way from the instruction given by the trial judge. Since the instruction fairly stated the controlling law, we reject Bingham's contention that it was one-sided.
 
 
 4
 Accordingly, Bingham's conviction is affirmed. We dispense with oral argument because the facts and legal authorities are adequately presented and argument would not aid the decisional process.
 
 
 5
 AFFIRMED.